*aEE*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED



OCT 1 1 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| THEODORA WESTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -v- | ) |
| | ) |
| | ) |
| ILLINOIS ATTORNEY | ) |
| REGISTRATION AND | ) |
| DISCIPLINARY COMMISSION | ) |
| and | ) |
| HONORABLE KENT A. DELGADO, | ) |
| In his official capacity as Judge for the | ) |
| Circuit Court of Cook County, Illinois | ) |
| Probate Division and | ) |
| CHRISTOPHER TALIAFERRO, | ) |
| Individually and in his official | ) |
| capacity as an officer of the Illinois | ) |
| State Bar and Chicago Aldermanic | ) |
| Board and | ) |
| JUANITA J. WHITE, RONALD E. | ) |
| WHITE and DEBRA DILWORTH | ) |
| | ) |
| Respondents. | ) |

**19cv6760**
**Judge Seeger**
**Mag. Judge Valdez**

14th Amendment – Color of Law
Due Process

Conspiracy to Defraud

PETITION FOR DENIAL OF CONSTITUTIONAL
RIGHTS UNDER COLOR OF STATE LAW

Count I

Comes now Petitioner, THEODORA WESTON, Pro Se and for her cause

of action, pursuant to  42 U.S.C.}1983  against respondents, Illinois Attorney

Registration and Disciplinary Commission, hereinafter ARDC, Honorable Kent A.

Delgado , hereinafter JUDGE and Christopher Taliaferro, hereinafter ATTORNEY,

for 14th Amendment violations, under color of law, of her constitutionally

protected right to Due Process.  In support thereof, Petitioner states:

1.      That jurisdiction is pursuant to 28 U.S. C.}1331

2.      That Petitioner, THEODORA WESTON, is and has been a resident of the

State of Illinois, County of Cook, City of Chicago for more than twenty-five (25)

years residing at 9541 S. Indiana Ave., Chicago, Illinois 60628, hereinafter 9541.

3.     That Respondent, ILLINOIS ATTORNEY REGISTRATION AND

DISCIPLINARY COMMISSION, is an agency existing by virtue of the laws of

The State of Illinois and charged with exclusive authority for the "registration of, and the

discipline of attorney members and to investigate, inter alia, complaints filed by

aggrieved parties against its attorney members and at all times relevant herein,

processed and decided upon numerous complaints lodged by Petitioner.

4.     That Respondent, HONORABLE KENT A. DELGADO, is a public official

sitting as a Probate Judge in the Illinois Circuit Court of Cook County and at all times

relevant herein, heard and decided legal matters in the probate case number 12-P-06920.

5.     That Respondent, CHRISTOPHER TALIAFFERO, is a member of

the Illinois State Bar and at all times relevant herein acted as legal counsel for the

probate estate in case number 12-P-06920.

6.     That within the sphere of their official responsibilities and under

color of law, Respondents', ARDC, JUDGE and ATTORNEY have acted to

deprive Petitioner of the use and possession of her home, in Probate Case #12-P-06920

without the benefit of a full and fair trial ; without the benefits of an impartial decision

maker, without the benefit of the evenhanded procedures being used to apply the law

and without the benefit of notice of hearings and the opportunity to be heard

in a meaningful time and manner; all in violation of the requirement

that guarantees that life, liberty or property will not be taken without due process of law.

.

    7.    That Respondent, Attorney, with malice and forethought, in case #12-P-06920,

intended to violate the constitutionally protected rights of Petitioner.

WHEREFORE, Petitioner prays for  Declaratory relief  that the Probate Court's

order depriving petitioner of possession of 9541 as invalid; that the Petitioner's

complaints lodged with Respondent ARDC against Attorney Taliaferro  be investigated;

that  Respondent JUDGE Kent A. Delgado  be removed from deciding legal matters in

12-P-06920; that Respondent, Christopher Taliaferro be held liable to Petitioner in the

sum of Thirty-Five ($35,000) and such other relief just in the premises.

COUNT II

State Based Claim - Conspiracy to Defraud

Comes now Petitioner, Theodora Weston, Pro Se, and for her cause of action for conspiracy to defraud under the laws of the Illinois states that, pursuant to 28 U.S.C.} 1332, there is complete diversity between the Petitioner and Respondents and that the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000).

1.    Petitioner, Theodora Weston, is a resident of Cook County, having resided in real property at 9541 S. Indiana Ave., Chicago, Illinois since 1990 and continuing said residency as a Heir in Possession, since the death of her sister, Evelyn D. White on October 14,, 2012.

2.      Respondent, Juanita J. White, is and has been a resident of the State of Alabama since January, 2019; having previously resided at 150 W. Maple, Chicago, Illinois for more than fifteen (15) years.

3.      Respondent, Ronald E. White, is and has been a resident of the State of Alabama for more than the last twenty (20) years.

4.      Respondent, Debra Dilworth, is and has been a resident of the State of Virginia for more than the last twenty (20) years.

5.      Venue is proper within this District as the real property at issue and the events giving rise to the claim herein occurred with the County of Cook, State of Illinois.

6.      That Respondents are co-conspirators, who acted to deprive Petitioner of her rights to inherit from the Estate of Evelyn D. White, who passed on October 14, 2012 in the State of Illinois, County of Cook.

7.     That between October 14, 2012 and November 30. 2012, respondents

misrepresented that the decedent, Evelyn D. White, had executed a Last Will and

Testament, which was to be read after her memorial luncheon on November 29,

2012; when in fact Juanita J. White had already retained an attorney, who filed her

Petition for Letters of Intestate Administration of decedent's estate the next day on

November 30, 2012.


8.     That the respondents' intentional misrepresentation was made to deprive

Petitioner of informed consent and full participation by dishonestly saying that the

decedent's Will was to be read on November 29, 2012, when in fact this was a

ruse designed as a delay tactic to allow the respondents to acquire control of the

decedent's estate without including the petitioner in its administration.

9.     That in furtherance of the co-conspirators' overall plan to exclude  Petitioner

for sharing in the estate of the decedent, the following acts and/or omissions were

perpetrated by respondent Juanita J. White with co-conspirators Ronald White,

and Debra Dilworth, to-wit:

a.   obtaining entry into Petitioner and Decedent's home at 9541 S. Indiana to remove cash, valuables and financial records, while Petitioner was at the funeral home to have decedent's body transported from the hospital on October 15, 2012.

b.   filing court papers for Letter of Administration that failed to include the Petitioner as a party entitled to participate in the administration of decedent's estate, as well as intentionally omitting known heirs from Exhibit A.

c.   removing decedent's vehicle from the garage on December 10, 2012 forwarding decedent's mail to respondent Juanita J. White prior to the issuance of Letters of Administration.

d.   terminating utility services at 9541 S. Indiana, prior to the issuance of Letters of Administration granting such authorization.

e.   misrepresenting that there was not a hearing scheduled for August 8, 2019 concerning the Estates' claim that Petitioner was in wrongful possession of 9541 S. Indiana as a non-rent paying tenant…when, in fact, the hearing had not be cancelled and the Estate's attorney had obtained an Order granting possession, which Court Order was not mailed to Petitioner until thirty (30) days later- effectively preventing Petitioner from (1) participating in the hearing, (2) appealing the order or (3) appearing at the September 11, 2019 hearing.

f.   Engaging in self-dealing and sharing in insurance proceeds by means of fraudulently obtaining Petitioner's signature and social security number on November 29, 2012 under the guise that the signature and social security number was necessary for the execution of the bequests listed in the Decedent's Will…when in fact there was not a WILL to be read.

g.   filing numerous court motion to have Petitioner removed from the real property at 9541 as a "Non-Paying Tenant", rather than a "Heir in Possession".

h. obstructing and/or hindering the prosecution of a meritorious wrongful
death lawsuit; evidenced by Respondent Juanita J. White refusal
to participate or otherwise release medical records in the case
of Theodora Weston v. Advocate Christ Medical Center
Circuit Court of Cook County, Case # 13-L-2231 until after the expiration
of the statute of limitations.

10. That as a direct and proximate result of the Respondents

Conspiracy to defraud Petitioner from her rightful inheritance, Petitioner has

suffered lost beneficiary insurance proceeds, loss of vehicle, alienation of

affections, loss wages, emotional distress and other compensable damages amounting to

over $75,000.as well as considerable legal expense and costs.

WHEREFORE, Petitioner prays judgment against Respondents,

jointly and severally, in the sum of $75,000. and such other relief just

in the premises.

RESPECTFULLY,

THEODORA WESTON
PRO SE
9541 S. Indiana Ave
Chicago, Il. 60628
312/ 714-4520

l

☐ 0004 Supervised ☐ 1004 Jury ☐ 0005 Independent ☐ 1005 Jury
Petition For Letters Of Administration

(Rev. 11/2/01) CCP 0302

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Estate of

Evelyn D. WHITE

**Deceased**

No. 2012 P 6920

Docket _____

Page _____

| Hearing on petition set for |
|---|
| February 15, 2013 |
| 10 00 A.M., Room 1801 |
| Richard J. Daley Center |
| Chicago, Illinois 60602 |

2605

### PETITION FOR LETTERS OF ADMINISTRATION

Juanita WHITE II _____, states under the penalties of perjury:

1.  Evelyn D. WHITE _____, whose place of residence at the time of death was

    9541 S. Indiana Avenue        Chicago        Cook        Il        60628
    (address)                     (city)         (county)    (state)    (zip)

    died October 14, , 2012 , at Oak Lawn        Illinois        leaving no will.
    (city)          (state)

2.  The approximate value of the estate in this state is:

    | Personal | Real | Annual Income From Real Estate |
    |---|---|---|
    | $ 20,000.00 | $ 121,000 | $ 0 |

3.  The names and post-office addresses of decedent's heirs are set forth on Exhibit A and made a part of this petition. (Indicate the relationship and whether an heir is a minor or disabled person.)

4.  The names and post-office addresses of persons who are entitled to nominate and/or administer in preference to (P) or equally with (E) petitioner are set forth on Exhibit A of this petition. If none, so state:
    _None_ .

5.  Petitioner is a Sister _____ of decedent and is legally qualified to act (or to nominate a resident of Illinois to act) as administrator.

*6  The name and post-office address of the personal fiduciary designated to act during independent administration for each heir, who is a minor or disabled person, are shown on Exhibit A of this petition.

Petitioner asks that Letters of Administration issue to the following person(s), qualified and willing to act:

| Name | Post-Office Address |
|---|---|
| Juanita WHITE II | P.O. Box 11198, Chicago, Illinois 60611 |

Atty. No. 46630

Atty. Name: Christopher Taliaferro

Firm Name: Nexus Legal Group, P.C.

Address: 8770 W. Bryn Mawr Avenue, Suite 1300

City/State/Zip: Chicago, Illinois 60631

Telephone: (773) 563-1894

_Juanita White II_
**Petitioner**

Address: 150 W. Maple # 916

City/State/Zip: Chicago, Illinois 60610

Telephone: (312) 972-0090

Atty. Certification _____

If a consul or consular agent is to be notified, name country: _____

*If supervised administration is requested, so state and strike Paragraph 6.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**