UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODORA WESTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ILLINOIS ATTORNEY REGISTRATION ) <br> AND DISCIPLINARY COMMISSION, ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 1:19-cv-6760 <br><br> Hon. Steven C. Seeger |

## **ORDER**

Plaintiff Theodora Weston, a disbarred attorney (as of a few decades ago), filed this action against several Illinois government agencies and officials. *See* 1/16/20 Tr. The amended complaint, entitled "Amended Petition for Denial of Constitutional Rights under Color of State Law," alleges that the Illinois government deprived her of her constitutional rights. *See* Dckt. No. 10. She brings three claims under section 1983.

After a hearing on January 16, 2020, this Court granted Plaintiff Weston's application to proceed *in forma pauperis*. *See* Dckt. No. 11. The ruling addressed only her financial situation. Given her limited resources, the Court concluded that Plaintiff lacked the ability to pay the $400 filing fee. The Court reaffirms that conclusion in this Order.

However, establishing an inability to pay is only part of the equation. This Court also must prescreen the complaint to determine if it states a claim for which relief can be granted. *See* 28 U.S.C. § 1915. Accordingly, this Court hereby vacates its January 16, 2020 Order granting the motion to proceed *in forma pauperis*. There is no harm in doing so from a practical standpoint. Plaintiff has not obtained a summons, let alone served process on the Defendants, so she has not relied on this Court's prior ruling to her detriment. In the months that have passed, this case has not gotten off the ground.

After a careful review of her amended complaint, this Court concludes that it fails to state a claim for which relief can be granted. As a result, the application to proceed *in forma pauperis* is hereby denied.

Under Section 1915(e)(2), the Court must screen *pro se* complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214

(2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). This screening requirement applies to *pro se* litigants like Weston, even though she is not a prisoner. *See Vey v. Clinton*, 520 U.S. 937, 937 (1997); *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

When addressing any *pro se* litigant's complaint, the Court must construe the allegations – "however inartfully pleaded" – liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Haines v. Kerner*, 404 U.S. 519, 521 (1972). If there is an arguable basis for a claim in fact or law, then the Court will allow the claim to proceed. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But dismissal of the complaint is the proper course when it is clearly baseless or fanciful, *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992), fails to state a claim, § 1915(e)(2)(B)(ii), or seeks monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Even construing Weston's complaint liberally, it does not state a claim for which relief can be granted. The complaint identifies six Defendants: (1) the Illinois Attorney Registration and Disciplinary Commission, an administrative agency of the Supreme Court of Illinois; (2) Hon. Kent A. Delgado, a judge on the Circuit Court of Cook County, Probate Division; (3) Christopher Taliaferro, an attorney who acted as legal counsel for a probate estate opened in 2012; (4) the Illinois Department of Revenue, including its Board of Appeals; (5) Brian Wolfberg, the Chairman of the Board of Appeals; and (6) the Illinois Department of Human Services.[1] *See* Am. Cplt., at ¶¶ 3–7.

The amended complaint includes three Counts. Unlike most complaints, the complaint does not include any factual background. The amended complaint jumps right in to the three Counts, each of which spans a few paragraphs.

---

[1] The caption of her amended complaint also mentions Constance Beard, the Director of the Illinois Department of Revenue, but her name does not appear again in the pleading. As a result, this Court does not consider her to be a properly named Defendant. But even if Beard were a Defendant, this Court would dismiss her for the same reasons. An official-capacity claim against a state actor does not state a claim under section 1983, and there are no allegations about her acting in an individual capacity.

In Count I, Plaintiff claims that Defendants deprived her of her right to due process and equal protection. She alleges that Defendants "conspired to deny Petitioner the right to child support entitlements." *Id.* at ¶ 8. She also alleges that they "unlawfully deprived Petitioner of money by improperly and unlawfully administering tax laws as well [as] deprive [sic] of the use and possession of her home, in Probate Case #12-P-06920." *Id.* She claims that the probate matter did not involve a "full and fair trial." *Id.*

As relief, she seeks a declaratory judgment that the "Probate Court's order depriving petitioner of possession of 9541 [the amended complaint does not reveal what that is] as invalid." *Id.* at 5 of 19. She also asks that "complaints lodged with Respondent ARDC against Attorney Taliaferro be investigated." *Id.* She asks that Hon. Kent A. Delgado be removed from deciding legal matters in 12-P-06920. *Id.* And she requests $35,000 from Defendant Taliaferro, the attorney for the probate estate.

Count I is rife with problems. For starters, section 1983 authorizes claims against a "person." *See* 42 U.S.C. § 1983. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). But a State is not a person. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section 1983."); *Phillips v. Illinois Dep't of Fin. and Prof'l Regulation*, 718 F. App'x 433, 434–35 (7th Cir. 2018) ("A suit against a state official in his official capacity is a suit against the state, and so a plaintiff may not bring a section 1983 claim against a state employee in her *official* capacity.") (emphasis in original).

So Plaintiff cannot bring claims under section 1983 against state agencies or state officials acting in their official capacity. That is the end of the road for her section 1983 claims against the state agencies: the Illinois Attorney Registration and Disciplinary Commission, the Illinois Department of Revenue, including its Board of Appeals, and the Illinois Department of Human Services.

Plaintiff sued Defendant Taliaferro (the probate attorney) in his personal capacity, too. But the complaint does not allege that he was acting under color of state law as the probate attorney, so she has not alleged a claim under section 1983. *See Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010) ("To be liable under 42 U.S.C. § 1983, [Defendant] must have acted 'under color of state law' to deprive [Plaintiff] of some federally guaranteed right.") (quoting *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir.1995)).

Similarly, she sued Defendant Wolfberg (the Chairman of the Illinois Department of Revenue) in his personal capacity. But the complaint against Wolfberg is entirely threadbare. The pleading does not allege what, if anything, Defendant Wolfberg did in his personal capacity to violate her constitutional rights. Count I barely mentions him. Alleging that he "improperly and unlawfully administer[ed] tax laws" is not enough to state a plausible claim. *Id.* at ¶ 8.

3

Plaintiff seems to challenge a decision by a judge on the Circuit Court of Cook County, and she includes the judge as a defendant. Judges have absolute immunity from suit for decisions made during their cases, unless they acted in the absence of all jurisdiction (and there is no such allegation here). *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011).

Plaintiff cannot collaterally challenge a state-court judgment in this federal lawsuit, either. Under the so-called *Rooker-Feldman* doctrine, "federal courts lack jurisdiction over claims seeking to upset state court judgments." *See Sanders v. Indiana Dept. of Child Serv.*, 2020 WL 1528273, at *2 (7th Cir. 2020); *Rooker v. Fidelity Trust Co.*, 263 U.S. 43 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine prevents state court losers from running to federal court in the hope of overturning the state court decisions. The jurisdictional bar applies even though the "state court judgment might be erroneous or even unconstitutional." *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996).

Plaintiff makes a tenuous reference to a probate case, but it is not clear what, exactly, she is complaining about. To the extent that she is claiming about a maladministration of an estate by a probate court, it is barred by the probate exception, too. *See Marshall v. Marshall*, 126 S. Ct. 1735, 1748 (2006); *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006).

And on top of it all, Count I does not survive the pleading standards explained in *Twombly* and *Iqbal*. The claim consists of only a few paragraphs, without explaining what, if anything, the Defendants did to violate her constitutional rights.

Count II shifts gears to tax collection. She alleges that she was "unfairly taxed by the State of Illinois for the tax year ending December, 1987." *Id.* at ¶ 9. She was "forced to wait more than three (3) years for the Board of Appeals to act on her Petition," at which point the petition was changed from "Reasonable Cause" to "Offer in Compromise" (the complaint does not explain the significance of that change). *Id.* So she seeks a declaration of "non-liability for Income Taxes to the State of Illinois for the years 1987-1988 as well as a refund of all monies unlawfully collected." *Id.* at 7 of 19. The claim appears to be limited to the Illinois Department of Revenue and Brian Wolfberg, its Chairman.

Count II suffers from many of the same problems as Count I. Plaintiff cannot bring a section 1983 claim against a state agency and a state official acting in an official capacity. She also does not allege what, if anything, Defendant Wolfberg did in his personal capacity. Also, to the extent that she is challenging a decision by a state body about the collection of state taxes, her claim raises potential issues under the Tax Injunction Act, too. *See* 28 U.S.C. § 1341; *A.F. Moore & Assoc., Inc. v. Pappas*, 948 F.3d 889 (7th Cir. 2020). And there are statute of limitations issues, too. She alleges that the state of Illinois made a mistake in the 1980s, when Ronald Reagan was President.

Count III covers child support. She alleges that the Illinois Department of Human Services "fail[ed] to provide child support enforcement services." *Id.* "IDHS never attempted to enforce child support obligations." *Id.* at ¶ 9 on 8 of 19.[2]

---

[2] There is a paragraph 9 on page 6, and another paragraph 9 on page 8.

She claims that she filed a lawsuit in the Northern District in 2010 (10-cv-977) – 10 years ago – which was dismissed. *Id.* IDHS then "closed Petitioner's newly initiated child support enforcement case and procured a judgment on its own behalf for an excessive amount inasmuch as the support order expired in 2001." *Id.* at ¶ 10. Years later, in 2017, Plaintiff filed suit in the Circuit Court of Cook County and "procured a judgment for child support arrearages for considerably less than what was owed," which "IDHS refuses to recognize and/or enforce." *Id.* at ¶ 11.

She then alleges that she complained to the ARDC, which failed to meaningfully investigate her claim. *Id.* at ¶ 12. And then, she apparently filed yet another lawsuit in the Circuit Court of Cook County. On November 15, 2019, the state court "erroneously held that IDHS was not involved in the child support arrearages case for which Petitioner unsuccessfully attempted to correct the amount of unpaid child support due to her." *Id.* at ¶ 14.

As a remedy under Count III, Plaintiffs requests a judgment "recognizing the correct amount of unpaid child support arrearages due to her." *Id.* at 9 of 19. And she wants a declaration that "IDHS / HSF is indeed involved." *Id.*

Once again, Count III suffers from many of the same problems as the other Counts. The claim is against the Illinois Department of Human Services, so she has no claim under section 1983. Also, to the extent that the amended complaint takes aim at a child support order, this Court lacks jurisdiction. *See, e.g., Dixon v. Rick*, 781 F. App'x 561, at *1 (7th Cir. 2019); *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019); *Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403 (7th Cir. 2002). This Court cannot review state court orders about child support under the *Rooker-Feldman* doctrine, or under the domestic relations exception to federal jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 693–95 (1992); *Dixon*, 781 F. App'x 561, at *1.

This Court will give Plaintiff another try. This Court grants Plaintiff leave to file an amended complaint by May 29, 2020. If she does not file an amended complaint by that deadline, this Court will close this case. If she does file an amended complaint, this Court will prescreen it a second time.

For those reasons, Plaintiff's application to proceed *in forma pauperis* is denied. Plaintiff has leave to file an amended complaint by May 29, 2020.

Date: May 4, 2020

Steven C. Seeger
United States District Judge